Dear Representative Rauch:
This letter is in response to your question asking:
 May a city council purchase real property for public purposes from a councilman of that same city if the councilman realizes no profit from the conveyance of the real estate; and if the city may not purchase the real property directly from the councilman, may the purchase be made through a straw party if neither the councilman nor the straw party realizes any profit from the conveyance of the property?
Your request does not indicate what type of city is involved,e.g., a constitutional charter city, a statutory class city, or a town or village. Accordingly, we may not review specific statutes applicable to particular types of cities. See, e.g., Section 77.470, RSMo 1978 (applicable to certain third class cities).
Section 106.300, RSMo 1978, states:
 If any city officer shall be directly
or indirectly interested in any contract under the city, or in any work done by the city, or in furnishing supplies for the city, or any of its institutions, he shall be deemed guilty of a misdemeanor; and any appointed officer becoming so interested shall be dismissed from office immediately by the mayor; and upon the mayor becoming satisfied that any elective officer is so interested, he shall immediately suspend each officer and report the facts to the council, whereupon the council, as soon as practicable, shall be convened to hear and determine the same; and if, by two-thirds vote of the council, he be found so interested, he shall be immediately dismissed from such office. [Emphasis added.]
In Opinion No. 58, Limbaugh, 1980, copy enclosed, this office concluded that a third class city councilman could not lease property from the city under the above-quoted statute. The opinion also concludes that a blind trust device may not be used as a method of voiding the statute, because of the term "indirect" in the above statute. We believe the foregoing opinion answers your questions in the negative.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Opinion No. 58, Limbaugh, 1980